## Heimbuch v. Manufacturer's Association of Northwestern Pennsylvania

C.P. of Warren County, no. 101 of 1997.

*Charles E. Fagan,* for plaintiff.

*W. Patrick Delaney,* for defendant Manufacturer Association.

*Gary Eiben,* for defendant Highmark.

MILLIN, *P.J.,* January 28, 2000—"At common law, an attorney owes a fiduciary duty to his client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty is actionable." *Maritrans GP Inc. v. Pepper, Hamilton & Scheetz,* 529 Pa. 241, 253, 602 A.2d 1277, 1283 (1992).

The Pennsylvania Supreme Court in *Maritrans* instructed us that trial courts clearly have the power to enjoin an attorney from breaching his duty to a client.

"While the breach by a lawyer of his duty to keep the confidences of his client and to avoid representing conflicting interests may be the subject of appropriate disciplinary action, the court is not bound to await such development before acting to restrain improper conduct where it is disclosed in a case pending in that court." *Maritrans,* 529 Pa. at 254-55, 602 A.2d at 1284.

Here, the court finds no intentional misconduct on the part of counsel; however, it is clear from the depositions that Attorney Mizner of the MacDonald, Illig, Jones & Britton LLP firm through a conversation with plaintiff's present counsel acquired highly confidential information of a general nature concerning the valuation plaintiff's counsel placed on plaintiff's case. Here, it is clear from the testimony that once this potential conflict was realized by the attorneys in the firm of MacDonald, Illig, Jones & Britton LLP, steps were taken to wall off or protect this information, otherwise known as a "Chinese Wall."

" 'Chinese Walls' have been used to avoid disqualification in relatively few cases. They are most commonly accepted by the courts when an attorney has moved from government to private practice and is now a member of a private firm which represents clients who are current adversaries of the government agency at which that attorney was formerly employed. Disqualification has been avoided in some of these cases when the 'Chinese Wall' was established prior to the arrival of the new attorney at the firm and when the 'Chinese Wall' in question is a formal, written, screening procedure." *INA Underwriters Insurance Co. v. Nalibotsky,* 594 F. Supp. 1199 (E.D. Pa. 1984).

Factors to be considered in determining whether a "Chinese Wall" is adequate to prevent imputed disqualification of a law firm include substantiality, a relationship between attorney and former client, time lapse between matters in dispute, size of firm, and number of disqualified attorneys, nature of disqualified attorney's involvement, timing of the screen, prohibition of discussion of sensitive matters, restricted circulation of sensitive documents, restricted access to files, and strong firm policy against breach. *Dworkin v. General Motors Corporation,* 906 F. Supp. 273 (E.D. Pa. 1995). Here, there was no time lapse between the matters in dispute, the nature of the attorney's involvement was directly related to the present case, timing of the screen was after the involvement in conflict had taken place, and there was a discussion of a highly sensitive nature.

For all of the foregoing reasons, the court enters the following order:

## ORDER

And now, January 28, 2000, the plaintiff's motion to disqualify opposing counsel on the basis of a conflict of interest is granted. The firm of MacDonald, Illig, Jones & Britton LLP is disqualified from representing the Manufacturer's Association of Northwestern Pennsylvania and shall forthwith withdraw from this case. All matters concerning the case are stayed and the defendant Manufacturer's Association of Northwestern Pennsylvania is granted 30 days to retain new counsel.